HOPPES, EXECUTOR ET AL. v. STEED ET AL.

[No. 12,712. Filed May 17, 1927.]

1. WITNESSES.—*Heirs not incompetent to testify to facts relating to testator's soundness of mind in a will contest.*—Section 552 Burns 1926, providing that in certain kinds of actions between heirs, neither party shall be a competent witness as to any matter which occurred prior to the death of the ancestor, does not prohibit the heirs who are parties to a will contest from testifying as to facts relating to testator's soundness of mind, though they occurred before the testator's death. p. 202.

2. TRIAL.—*Instruction withdrawing issue of undue influence from will contest not objectionable where only evidence related to testator's mental capacity.*—In an action to set aside a will

on the grounds of undue influence and unsoundness of mind, an instruction withdrawing the issue of undue influence and submitting only the question of the testator's mental capacity at the time the will was executed, was not objectionable because it did not go further and withdraw any evidence which had been admitted on the issue of undue influence where the only testimony offered related to the testator's testamentary capacity.    p. 205.

From Jay Circuit Court; *Roscoe D. Wheat,* Judge.

Action by Sarah Jane Steed and another against Wilbur C. Hoppes, executor of the will of Elijah Hoppes, deceased, and others.    From a judgment for plaintiffs, the defendants appeal.    *Affirmed.*    By the court in banc.

*Dell Dragoo* and *Moran & Gillespie,* for appellants.

*Lennington & Lennington* and *Haynes & Jenkins,* for appellees.

REMY, J.—Elijah Hoppes, being the owner of farm lands and personal property of the approximate value of $60,000, executed his last will, by the terms 1. of which he gave to his widow certain personal property and a life estate in 130 acres of land; to appellees Sarah Jane Steed and Osta V. Miller he gave $100 each.    The remainder of his property he divided among his six other children, to wit, Wilbur C. and Cyrus E. Hoppes, Telitha Bergdoll, Rosa Flesher, Hattie Miller and Bertha Reynolds.    Elijah Hoppes died, survived by his widow and all of his eight children, and the will was probated, after which appellees Steed and Miller began this action to contest the will on the ground that their father at the time he executed the will was of unsound mind and that the will was executed as the result of undue influence.    The plaintiffs made their mother and all of their brothers and sisters parties defendant.    Appellees Cyrus E. Hoppes and Bertha Reynolds did not appear, and were defaulted; the other defendants, appellants herein, an-

swered by denial. Trial resulted in a verdict and judgment setting aside the will. With the general verdict, the jury returned answers to thirty interrogatories, finding among other things that Elijah Hoppes, at the time he signed the will, "did not know the extent and value of his property," that he was "not capable of understanding and acting with ordinary discretion in the ordinary affairs of life," and "was a person of unsound mind." On the trial, one of the children of Elijah Hoppes did not testify, the widow and three of the children, as witnesses in behalf of the defendants, testified that the testator at the time he executed the will was a person of sound mind, and four of the children, as witnesses for plaintiff, testified that he was of unsound mind, all testifying as to facts and circumstances which occurred during the lifetime of the deceased, upon which facts and circumstances each based his opinion. The testimony of those called on behalf of the defense was received without objection. To the testimony of those heirs whose evidence was given on behalf of plaintiffs, objections were interposed, the grounds of objection being that they were rendered incompetent witnesses by §277 of the Code of Civil Procedure (§552 Burns 1926), which provides: "In all suits by or against heirs or devisees, founded on a contract with, or demand against, the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor." It is now well settled that this section does not prohibit the parties in a proceeding to set aside a will from testifying as to facts relating to the mental condition of the testator, although the facts occurred prior to the testator's death. The question was first considered by the Supreme Court in the case of *Lamb*

v. *Lamb* (1886), 105 Ind. 456, 5 N. E. 171, and in a well-written opinion by Elliott, J., the court said: "The purpose of the statute was to prevent undue advantage as against those whose interests would be unjustly prejudiced by permitting parties to testify as to matters which they assume were known only to them and the deceased, or as to matters which, from their nature, could only have been known to them and the dead. It was not intended to exclude parties from testifying in cases where the subject is one of which the knowledge that the parties profess to have is not hidden from all other living persons. There is nothing in the spirit of the statute, and certainly nothing in the letter, which excludes parties from testifying respecting matters open to the observation of all the friends and acquaintances of the deceased. Such a matter is the mental capacity of the testator, whose will is being contested." In the case of *Staser* v. *Hogan* (1889), 120 Ind. 207, 22 N. E. 990, the Supreme Court, in giving further consideration to the same question, held that the facts which may be stated by an heir, upon which to base an opinion as to the mental capacity of an ancestor, may include "the conduct of the testator, what he said, the manner in which he conducted himself, and might, perhaps, include his full history up to the time of his death." It will not be necessary to discuss the various items of the testimony of the heirs of Elijah Hoppes which were admitted over appellants' objection. The evidence thus admitted was all as to matters open to all the friends and acquaintances of the deceased, and included some of his conversations with members of his family, all of the evidence being within the rule above stated.

Error is predicated upon the action of the court in giving to the jury the following instruction: "I instruct you that there is no evidence in this case which

2. would warrant you in finding that the will in question was procured to be executed by undue influence or duress. The issues of undue execution of said will is therefore withdrawn from your consideration. The sole question for you to decide in this case is whether at the time of the making of the will Elijah Hoppes was a person of sound or unsound mind, and this issue will be decided by you from all the evidence given in the case." Appellants' objection to this instruction is that the court did not go further and withdraw any evidence which had been submitted on the issue of undue influence, particular attention being called to certain testimony given by appellees when testifying as to the conduct and conversations of their father, such evidence having been admitted in each instance as the basis for an opinion as to their father's testamentary capacity. In fact, when, on the trial, evidence of this character was first offered, the court, upon objection being made, correctly stated the rule to be that the children of Elijah Hoppes were incompetent witnesses as to matters which occurred in the lifetime of their father, except that, on the issue of their father's testamentary capacity, each might testify as to facts and circumstances upon which to base an opinion. The only evidence which appellants contend supports, in any way, the issue of undue influence is the testimony of the heirs given in evidence as above stated. The court did not err in giving the instruction of which complaint is made.

It is the earnest contention of appellants that the verdict is not sustained by sufficient evidence. The evidence is voluminous, more than fifty witnesses having testified. It is sufficient to say that we have examined the evidence with much care, and find that there is ample evidence to sustain the verdict.

Affirmed.